UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W., | ) |
| Plaintiff, | ) No. 21-cv-1511 |
| v. | ) Magistrate Judge Susan E. Cox |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael W.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (dkt. 18) is GRANTED; Defendant's motion for summary judgment (dkt. 22) is DENIED. The ALJ's decision is reversed and remanded for proceedings consistent with this Memorandum Opinion and Order.

**PROCEDURAL BACKGROUND**

In February 2017, Plaintiff protectively filed claims for both disability insurance benefits and supplemental security income, each with an alleged onset date of March 1, 2015. (Administrative Record ("R.") R. 107.) Plaintiff's claims were denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id*.) Subsequently, on February 5, 2019, the ALJ issued her decision, following the familiar five-step analytical process required by 20 C.F.R. § 416.920. The ALJ found, *inter alia*, that Plaintiff had

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

[2] Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [dkt. 18], which the Court construes as a motion for summary judgment.

the severe impairments of obesity; degenerative disc disease of the cervical spine status port C4-6 fusion; and degenerative disc disease of the lumbar spine. (R 107-16 at 109.) Ultimately, the ALJ found Plaintiff not disabled under the Act. (R. 115.) Plaintiff requested, and was denied, Appeals Council review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

**STANDARD OF REVIEW**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C. § 405(g).

**DISCUSSION**

Plaintiff asserts, in part, that the ALJ's RFC assessment fails to account for his sitting

limitations. The Court agrees.

As part of her five-step analytical process, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; occasional reaching overhead bilaterally; and occasional exposure to unprotected heights, dangerous heavy moving machinery, and vibration. (R. 110-11.) Sedentary work requires six hours of sitting in eight-hour workday. SSR 96–9P.

Plaintiff contends he would not be able to sit for long enough periods of time to meet the demands of sedentary work. This contention is supported not only by Plaintiff's subjective statements (R. 139-40, 361, 370), but it is also born out in the opinions given by his treating physician and treating specialist (R. 667-68, 959-60). In particular, Plaintiff's treating physician opined Plaintiff could only sit for less than 2 hours in an 8-hour workday, and that he "needs constant change in position and rest periods." (R. 667-68.) Similarly, Plaintiff's treating specialist opined Plaintiff would be able to sit for 4 hours during an 8-hour workday, "with breaks, alternating positions." (R. 960.) This physician also thought Plaintiff would still require 1-3 unscheduled breaks during the workday, even presuming Plaintiff was "allowed usual work breaks and position changes [he] recommended." (*Id*.)

However, the ALJ did not adequately consider this record evidence that Plaintiff could not sit for an entire workday. While the ALJ mentions both of the physician's opinions on sitting along with their other opinions, the ALJ then gives each physician's total opinion little weight, yet none of the reasons given for this "little weight" finding have anything to do with the sitting limitation. (R. 113.) The ALJ was required to address Plaintiff's sitting limitation under Social Security Ruling 96-8p, which requires "a discussion of why reports symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other

3

evidence." SSR 96-8p. The ALJ did not do so, which the Seventh Circuit has found to be reversible error. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) ("the ALJ's cursory analysis [of sitting limitations] does not give us confidence that he had appropriate reasons for rejecting the limitations [plaintiff] alleged.")

This error is also compounded by the fact the ALJ failed to assess the potentially exacerbating effect of Plaintiff's morbid obesity on his severe lumbar spine degenerative disc disease.[3] This is critical because of the prolonged sitting required for sedentary work. As Social Security Ruling 83-12 explains,

> "[i]n some disability claims, the person must alternate periods of sitting and standing. The individual may be able to sit for time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work…

SSR 83-12. Likewise, the Seventh Circuit has provided instructive criticism for ALJs who neglect to address the effects of obesity on a claimant's sitting abilities. *Browning v. Colvin*, 766 F.3d 702, 707 (7th Cir. 2014). The Seventh Circuit's decision in *Browning* involved, among other things, a remand where the ALJ acknowledged the claimant's obesity, but did not discuss its bearing on the claimant's ability to do sedentary work. *Browning*, 766 F.3d 707. On this topic, the Court instructively noted

> [Plaintiff is] almost morbidly obese. This might make it difficult for her to sit for long periods of time, as sedentary work normally requires. Presumably she could get up from her work table from time to time, but that might be painful given her obesity – the sheer weight she must lift – and her leg pain, which is aggravated by standing, since standing requires her legs to support her great weight. We don't want to play doctor ourselves; but the likely difficulties that morbidly obese persons (and the plaintiff is almost morbidly obese) face even in doing sedentary work are sufficiently obvious to have required the administrative law judge to instruct the consulting physician to consider the potential effect of the plaintiff's obesity on her ability to do sedentary work.

---

[3] There is no question Plaintiff is morbidly obese (with BMIs above 54), and the ALJ acknowledged Plaintiff's obesity and purported to account for it by limiting him to sedentary work. (R. 109-11.)

4

*Id*. As the Commissioner set forth no discussion or supported rationale for finding Plaintiff could sit for extended periods of time with no sitting limitation notwithstanding his reported sitting difficulties, the physician evidence, and his morbid obesity compounded by severe lumbar spine degenerative disease, the Court here must remand. *See Browning*, 766 F.3d 707; *see also*, *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (Commissioner's decision cannot stand if it lacks an adequate discussion of the issues). Additionally, the ALJ's failure to address this evidence creates a void where there should be "an accurate and logical bridge" between the evidence and the ALJ's conclusions. *Steele*, 290 F.3d at 941.

**CONCLUSION**

In sum, the Court must remand this matter because it lacks an adequate discussion of Plaintiff's sitting abilities (or lack thereof). On remand, the ALJ should address Plaintiff's sitting limitations, the interplay of Plaintiff's obesity on those limitations, and discuss whether they impact his ability to work. The Court declines to reach a decision on any other bases of error raised by the Plaintiff. Plaintiff's motion for summary judgment (dkt. 18) is GRANTED; Defendant's motion for summary judgment (dkt. 22) is DENIED.

**ENTERED: August 25, 2022**

_____
Susan E. Cox,
United States Magistrate Judge